(No. 77-CC-0811—)

THE COUNTY OF WILL, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 30, 1978.*

KENNETH A. GRNACEK, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; JAMES O. STOLA, Assistant Attorney General, for Respondent.

PER CURIAM.

This claim coming on to be heard on the joint stipulation of the parties hereto, and the Court being fully advised in the premises;

This Court finds that this claim is for the appearance of the State's Attorney for Will County on behalf of the State of Illinois in habeas corpus actions arising with regard to prisoners in Will County.

This claim is payable by this Court pursuant to Ill. Rev. Stat., ch. 65, paras. 37, 38, and 39 which states as follows:

37. Reimbursement of counties having penal or charitable institutions for expenses incurred in habeas corpus proceedings by non residents.] §1. In all counties in Illinois wherein there may be situated a State penal or charitable institution, the State shall assume and pay to such county the necessary expenses incurred by it, and its officers, either by means of service rendered or otherwise, by reason of Court proceedings therein involving a petition for the writ of habeas corpus, by or on behalf of, an inmate of such institution who was not a resident of such county at the time of his commitment and was not committed by any Court therein.

38. Claim by county for reimbursement.] §2. In order to entitle a county to such payment, as provided by Section 1 of this Act, it shall be necessary that a verified claim be filed by the State's Attorney of the County with the Court of Claims, setting forth the items for which the county claims the right to receive payment under the provisions of Section 1 of this Act. The Court of Claims shall proceed to consider such claim and enter such order as shall comply with the terms of this Act.

39. "Expenses" defined.] §3. The term "expenses" as used in Section 1 of this Act shall be construed to include all costs and fees of county officers as fixed by statute, including such expenses as may be incurred in providing juries, if any be made necessary by such proceedings. Provided, that all officers' fees so received by the county, shall in all cases be treated and accounted for as the earnings of the office of the respective officers in said county.

It is hereby ordered that the sum of $1,760.00 be awarded to Claimant in full satisfaction of any and all

claims presented to the State of Illinois under the above-captioned cause.